1  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
2  BALDWIN J. LEE (BAR NO. 187413)
   ALEXANDER NESTOR (BAR NO. 202795)
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  blee@allenmatkins.com
            anestor@allenmatkins.com
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8  CLOVIS LAW GROUP, LLP
   GEORGE J. VASQUEZ (BAR NO. 291395)
9  725 Pollasky Ave., Ste. 101
   Clovis, CA  93612
10 Phone:  (559) 900-2806
   Fax:  (559) 314-6214
11 E-Mail:  Email:  george@clovislawgroup.com

12 Attorneys for Plaintiff
   MONICA REYES-AGUILAR
13

14

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18  MONICA REYES-AGUILAR, an individual on      Case No. 1:19−CV−00403−NONE−SKO
    behalf of herself and other current and former
19  employees similarly situated,               **STIPULATED PROTECTIVE ORDER**

20              Plaintiff,

21         vs.

22  WELLS FARGO N.A., a bank formed under
    the National Bank Act; WELLS FARGO &
23  COMPANY, a corporation; and DOES 1
    through 50, inclusive,
24
                Defendants.
25

26

27

28

This Stipulated Protective Order is entered into by and between Plaintiff Monica Reyes-Aguilar and Defendant Wells Fargo Bank, N.A.  Plaintiff and Defendant are hereinafter collectively referred to as "the Parties."  Reference is made to the following facts:

WHEREAS, to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the Parties wish to produce documents and things subject to the protective provisions set forth below;

WHEREAS, the Parties anticipate that, given the nature of the claims and defenses in this action, discovery will likely include privacy-protected customer and personal information, as well as sensitive proprietary business information, the disclosure of which poses a substantial risk of harm to:

(A) Third-party customers/individuals' and Parties' privacy interests, including but not limited to (i) social security numbers, (ii) drivers' license numbers, (iii) credit report information, (iv) financial information supporting home mortgage loan applications, (v) loan numbers, and other sensitive data regarding home mortgage loan customers protected from disclosure by various statutory and constitutional privacy rights; and

(B) sensitive business information, including but not limited to (i) business strategy information pertaining to compensation plans, (ii) internal investigative reports and findings, and (iii) other sensitive business information that is not otherwise available to the public;

WHEREAS, the Parties believe that the Terms and Conditions set forth below should be entered by a Court Order, as opposed to a private agreement between or among the parties, because the terms herein will pertain solely to the production and use of discovery in this action, will set forth procedures by which the Parties can expeditiously resolve confidentiality or privilege-related disputes before the Court, will provide full protection from disclosure of personal data protected from disclosure by privacy rights, and will govern potential discovery from third parties who would not otherwise be subject to a private agreement;

WHEREAS, the Parties' disclosure of information in this action is made in reliance on the provisions of this Stipulated Protective Order permitting the Parties and third parties to designate documents, deposition and other testimony, information, and things as "Confidential" or

1  "Confidential – Attorneys/Experts Only" as defined below, and thereby protect such designated

2  information from unauthorized use or disclosure;

3      ACCORDINGLY, the Parties, by and through their respective attorneys of record,

4  STIPULATE AND AGREE to the following Terms and Conditions set forth below, and entry by

5  the Court of this Stipulated Protective Order:

6                  TERMS AND CONDITIONS

7      Scope of the Order.  This Stipulated Protective Order covers all documents and

8  information designated "Confidential" or "Confidential – Attorneys/Experts Only" produced in

9  connection with any discovery undertaken in this case.  Information marked "Confidential" or

10  "Confidential - Attorneys/Experts Only" shall be collectively referred to herein as "Confidential

11  Discovery."  This Stipulated Protective Order is intended to cover all discovery propounded and

12  answered by any Party at any time and depositions wherein "Confidential" or "Confidential –

13  Attorneys/Experts Only" information is used or discussed, including any copies, excerpts,

14  summaries, or compilations thereof Even after termination of this litigation, the confidentiality

15  obligations imposed by this Stipulated Protective Order shall remain in effect until a designating

16  Party agrees otherwise in writing or a court order otherwise directs.

17      1.      Designation of Confidential Discovery.  The Parties may designate Confidential

18  Discovery as subject to this Order by stamping on or otherwise permanently affixing to such

19  material prior to its production the designation "Confidential".  In the event that a Party in good

20  faith believes that particular material requested to be produced or disclosed is of such a highly

21  sensitive nature that its disclosure should be limited to only those persons described in Paragraph 7

22  herein below, it shall stamp on or otherwise permanently affix to such material prior to its

23  production the designation "Confidential - Attorneys/Experts Only".  Said respective designations

24  shall be stamped or affixed so as to not obscure or deface the material or any portion of its

25  contents.

26      2.      Designation Procedure.  Confidential Discovery shall be designated or deemed

27  confidential as follows:

28          (a)      In the case of deposition testimony:

(i)      The Parties may designate testimony by any individual at the time of the deposition or by written notice to all counsel of record within 20 business days after receipt of the written transcript.  The entire transcript (including, without limitation, typed transcriptions, computer diskettes, audiotapes and videotapes) and all exhibits thereto shall be deemed confidential under the terms of this Protective Order during the 20-day period.  The portions of a transcript designated as "Confidential" or "Confidential – Attorneys/Experts Only" at the time of the deposition or during this 20-day period, shall be treated as Confidential Discovery thereafter and in accordance with the terms of this Stipulated Protective Order.

(ii)      Each deposition transcript of any deposition of any individual taken in this action shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript, the placement of which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party making the confidentiality claim:

"THE CONTENTS OF THIS TRANSCRIPT ARE
CONFIDENTIAL [CONFIDENTIAL ATTORNEYS/EXPERTS
ONLY] AND ARE SUBJECT TO A PROTECTIVE ORDER
ISSUED BY THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA.  UNAUTHORIZED
ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF
THIS TRANSCRIPT IS A VIOLATION OF COURT ORDER.  A
COPY OF SAID ORDER IS CONTAINED HEREIN."

(iii)      Each such deposition transcript shall also contain a copy of this Order immediately following the cover page.

(iv)      Any depositions of any individual taken and recorded in this action other than by stenographic means, including without limitation depositions recorded by audiotape or videotape, shall state at the commencement thereof that the contents of the deposition are confidential and are subject to a protective order issued by the United States District Court, Eastern District of California.  No copies will be made of any such audio or video recording unless

1   necessary for preparation for trial or other proceeding in the case and, in that event, any person or

2   entity making such a copy will be subject to and comply with this Order.  Each such audio or

3   video recording shall have affixed to its exterior the following legend, the placement thereon

4   which shall be the responsibility of the court reporter after being so advised of the necessity for

5   this legend by the Party making the confidentiality claim:

6               "THE CONTENTS OF THIS TAPE ARE CONFIDENTIAL

7               [CONFIDENTIAL ATTORNEYS/EXPERTS ONLY] AND ARE

8               SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE

9               UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF

10              CALIFORNIA.  UNAUTHORIZED ACCESS TO, USE OF, OR

11              DISCLOSURE OF ANY PART OF THIS TAPE IS A VIOLATION

12              OF COURT ORDER."

13          (b)      In the case of the production of documents the Parties may designate such

14  discovery confidential by stamping on such discovery:  "Confidential " or "Confidential -

15  Attorneys/Experts Only" or words to that effect at the top of each page that contains Confidential

16  Discovery information.  If only a portion or portions of the material on a page qualifies for

17  protection, the designating Party also must clearly identify the protected portion(s) and must

18  specify for each portion, the level of protection being asserted (either "Confidential" or

19  "Confidential – Attorneys/Experts Only).

20          (c)      When responding to written discovery in this action (including, without

21  limitation, responses to interrogatories, requests for admission, requests for production of

22  documents or things, subpoena duces tecum, among others), the Parties may designate such

23  responses as confidential by stamping on such responses:  "Confidential " or "Confidential -

24  Attorneys/Experts Only" or words to that effect on the first page of any such discovery response

25  and at the top of each page that contains the Confidential Discovery information.

26          (d)      In the case of discovery produced by any third party, pursuant to subpoena

27  or otherwise, all such discovery shall be deemed confidential under this Order for a period of

28  thirty (30) days after service, during which period, counsel for either of the Parties may designate

such discovery as confidential, in whole or in part, by written notice served upon all counsel of record.  Thereafter, all Parties who have received such discovery shall stamp "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of each such document or other thing and each shall be deemed confidential pursuant to this Order.

3. <u>Inadvertent Failure to Designate</u>.  If corrected within sixty (60) days of production, an inadvertent failure to designate qualified information or document as "Confidential" or "Confidential – Attorneys/Experts Only" does not, standing alone, waive the designating Party's right to secure protection for such material under this Stipulated Protective Order.  If material is appropriately designated as "Confidential" or "Confidential – Attorneys/Experts Only" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

4. <u>Objection to "Confidential" or "Confidential – Attorneys/Experts Only" Designation</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5. <u>Recipients of Discovery Marked "Confidential"</u>.  Discovery deemed or marked "Confidential" may be disclosed by the receiving Party only to the following persons, and may be used only for the purpose of prosecuting or defending claims asserted in this action:

(a)     The attorneys of record for the receiving Party and (i) their employees and (ii) outside legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation,(who execute the "Promise of Confidentiality" attached hereto as Exhibit "A";

(b)     In-house attorneys for any Party;

1    (c)    Experts and consultants and their employees who, prior to receiving

2 documents or information designated as Confidential, sign the Promise of Confidentiality

3 (attached as Exhibit "A") that such person has read and agrees to abide by this Order;

4    (d)    The Court and court personnel pursuant to the procedures set forth herein;

5    (e)    Persons to whom the documents are otherwise lawfully available outside of

6 this litigation, such as third-party authors or recipients;

7    (f)    The receiving Party or representatives of a receiving Party, including

8 officers, directors and employees of the receiving Party to whom attorneys for the receiving Party

9 believe it is necessary that the documents be shown for purposes of this litigation.  Prior to

10 receiving documents or information designated as Confidential, each representative shall sign the

11 Promise of Confidentiality (attached as Exhibit "A" hereto) that such representative has read and

12 agrees to abide by this Order;

13    (g)    Witnesses during the course of depositions; and

14    (h)    Such other persons as are designated by written agreement by the Party who

15 has designated the discovery as confidential or by Court order.

16    6.    <u>Recipients of Discovery Marked "Confidential – Attorneys/Experts Only".</u>

17    Discovery deemed or marked "Confidential - Attorneys/Experts Only" may be disclosed

18 by the receiving Party only to the following persons, and may be used only for the purpose of

19 prosecuting or defending claims asserted in this action:

20    (a)    The attorneys of record for the receiving Party and (i) their employees and

21 (ii) legal support service personnel to whom the attorneys of record reasonably believe it necessary

22 to show the documents for purposes of this litigation, who execute the Promise of Confidentiality

23 attached hereto as Exhibit "A");

24    (b)    Experts and their employees who, prior to receiving documents or

25 information designated as "Confidential - Attorneys/Experts Only", sign the Promise of

26 Confidentiality (attached hereto as Exhibit "A") that such person has read and agrees to abide by

27 this order;

28    (c)    The Court and court personnel pursuant to the procedures set forth herein;

1    (d)    Witnesses during the course of depositions; and

2    (e)    Such other persons as are designated by written agreement by the Party who

3    has designated the Discovery as "Confidential - Attorneys/Experts Only" or by Court order.

4    7.    <u>Procedure for Requesting Disclosure of "Confidential – Attorneys/Experts Only"</u>

5    <u>Discovery to Named Parties</u>.  Discovery marked "Confidential – Attorneys/Experts Only" may not

6    be disclosed to the named Parties in this case unless the attorney of record for the Party to whom

7    the "Confidential – Attorneys/Experts Only" information is to be revealed first advises opposing

8    counsel in writing of the intent to disclose such information to the client, specifically identifies

9    information to be disclosed and opposing counsel consents in writing to such disclosure.  Any

10   counsel receiving a written request from opposing counsel to disclose "Confidential –

11   Attorneys/Experts Only" information to a Party shall respond in writing to the request, indicating

12   whether the request is granted or denied.  The Parties and their counsel agree to provide timely

13   responses to a written request from opposing counsel to disclose "Confidential –

14   Attorneys/Experts Only" information to a Party.  For purposes of this Stipulation, the Parties and

15   their counsel agree that a response to opposing counsel's written request to disclose "Confidential

16   – Attorneys/Experts Only" information to a Party shall be provided by no later than seven (7)

17   calendar days from the date of receipt of the written request to disclose "Confidential –

18   Attorneys/Experts Only" information to a Party.  The Parties and their counsel further agree that

19   they shall meet and confer in an effort to resolve any issue concerning disclosure of "Confidential

20   – Attorneys/Experts Only" information to a Party.  If the Parties are unable to informally resolve

21   any dispute involving disclosure of "Confidential – Attorneys/Experts Only" information to a

22   Party, the dispute may be presented by motion to the Court by the Party seeking to disclose such

23   information to a Party.  Before the Court, the Party requesting disclosure of "Confidential –

24   Attorneys/Experts Only" information to a Party shall have the burden of proving that good cause

25   and substantial justification exists for the disclosure of such information to a Party in the case.

26   Until the Court rules on the challenge, all Parties shall continue to afford the material in question

27   the level of protection to which it is entitled under the Party's designation.  The prevailing Party

28   on a motion to the Court that seeks disclosure of "Confidential – Attorneys/Experts Only"

Discovery to a Party shall be entitled to recover from the opposing Party its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure are found to exist by the Court.

8.  Except as provided herein, Confidential Discovery shall not be disclosed to any non-party.

9.  Confidential Discovery Subpoenaed or Ordered Produced in Other Litigation. If a receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys/Experts Only," the receiving Party must so notify the designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

The receiving Party also must immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving Party must deliver a copy of this Stipulated Protective Order promptly to the issuing person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material. The receiving Party shall reasonably cooperate with the designating Party in the latter's efforts to seek protection of its confidential materials, including providing written evidentiary declarations if requested; provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

10.   <u>Unauthorized Disclosure of Confidential Discovery</u>.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person to execute the "Promise of Confidentiality" (attached hereto as Exhibit "A").

11.   <u>Conditions to be Met Prior to Disclosure</u>.  Before any information marked "Confidential – Attorneys/Experts Only" is disclosed to any persons described in Paragraph 6 above, other than the Court and the attorneys of record for the Parties, the attorney(s) for the Party attempting disclosure shall fully explain the terms of this Order and shall advise the attorneys' support staff and any expert or consultant that the Confidential Discovery is subject to this Order and the limitations imposed by this Order on the persons to whom such Confidential Discovery can be disclosed.  Further, the attorney(s) for the Party attempting disclosure shall have such persons read the Order and shall ascertain to the best of the attorneys' abilities that such persons fully understand the terms of the Order.  However, before any of these obligations shall exist, the Party producing discovery marked "Confidential – Attorneys/Experts Only" shall first advise counsel for the other Party that discovery is being so provided and shall send discovery by a means that states prominently on the envelope that the package contains "INFORMATION TO BE OPENED BY ATTORNEY ONLY."

12.   <u>Preservation of Objections to Discovery; Waiver of Certain Grounds for Objection</u>. This order shall not constitute a waiver of the Parties' rights to object to discovery on any grounds, including but not limited to the grounds that the information sought is privileged, contains trade secrets, confidential financial information, privileged information, proprietary information, confidential business information, or confidential personal information.  No Party to this Agreement, however, shall refuse to produce documents or disclose information solely on the grounds the requested information or documents contain confidential or proprietary information.

13.     <u>Filing with the Court</u>.  Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Discovery.  A Party that seeks to file under seal any Confidential Discovery must comply with Local Rule 141.  Confidential Discovery may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery at issue.  If a receiving Party's request to file Confidential Discovery under seal pursuant to Local Rule 140 is denied by the court, then the receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.     <u>Use of Confidential Discovery</u>.  Confidential Discovery disclosed pursuant to this Stipulated Protective Order shall not be used other than for the purposes of this action. Documents disclosed pursuant to this Stipulated Protective Order may be used in connection with any trial or other proceeding in this case, including motions.  The use of any document designated "Confidential" or "Confidential – Attorneys/Experts Only" under the terms of this Stipulated Protective Order, at trial will be subject to the terms and conditions of this Stipulated Protective Order and Local Rule 39-141.

15.     <u>Return of Confidential Discovery</u>.  Within sixty (60) days after expiration of any and all appeals or time periods to appeal in this action, all Confidential Discovery, including all copies, notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other references thereof or thereto, shall be returned to the counsel of record for the Party who produced it or, at the option of the person then in possession of the Confidential Discovery, destroyed.  If counsel chooses to destroy the documents rather than return them, counsel shall notify counsel for the Party who produced such documents in writing of their destruction, including specifically, the date, time, place and manner of destruction.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery. Any such archival copies that contain or constitute Confidential Discovery remain subject to the Stipulated Protective Order as set forth in Paragraph 1, above.

1      16.    <u>Order Binding Upon Successors and Assigns</u>.  All the terms of this Stipulated

2  Protective Order as to the designation of "Confidential" and "Confidential – Attorneys/Experts

3  Only" documents for the purposes of this case shall be binding upon and inure to the benefit of the

4  Parties hereto and to their successors and assigns.

5      17.    <u>Faxed Signatures</u>.  The Parties may submit executed copies of their signatures via

6  facsimile which shall be enforceable as original wet ink signatures.

7      18.    <u>Execution in Counter-parts</u>.  This Stipulated Protective Order may be executed in

8  counterparts, and when so executed, each counterpart shall be deemed to be an original and shall

9  constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

10    **IT IS SO STIPULATED:**

11  Dated:  June 4, 2020          ALLEN MATKINS LECK GAMBLE
                        MALLORY & NATSIS LLP

14                By:  <u>/s/ *Alexander Nestor*</u>

15                    BALDWIN J. LEE
                    ALEXANDER NESTOR
                    Attorneys for Defendant

16                    WELLS FARGO BANK, N.A.

17  Dated:  June 4, 2020          CLOVIS LAW GROUP, LLP

20                By:  <u>/s/ *George J. Vasquez* (w/permission)</u>

20                    GEORGE J. VASQUEZ
                    Attorneys for Plaintiff

21                    MONICA REYES-AGUILAR

22  IT IS SO ORDERED.

23  Dated:  __**June 4, 2020**__          <u>/s/ *Sheila K. Oberto*</u>

24                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

Case No.  1:19−CV−00403−NONE−SKO
STIPULATED PROTECTIVE ORDER

**EXHIBIT "A"**

**PROMISE OF CONFIDENTIALITY**

I, _____, declare as follows:

1.      My [business or residential] address is _____

_____ and my present occupation is

_____.

2.      I have received a copy of the STIPULATED PROTECTIVE ORDER regarding

Confidential Discovery in the action entitled *Reyes-Aguilar v. Wells Fargo Bank, N.A., et al.* in the

United States District Court for the Eastern District of California, Fresno Division as Case

No. Case No. 1:19−CV−00403−NONE−SKO.

3.      I will comply with all of the provisions of the STIPULATED PROTECTIVE

ORDER.  I will hold in confidence, will not disclose to anyone other than those persons

specifically authorized by the STIPULATED PROTECTIVE ORDER, and will not copy or use

except for purposes of the litigation, any documents or information designated "Confidential" or

"Confidential – Attorneys/Experts Only."

4.      I will return any materials received under this STIPULATED PROTECTIVE

ORDER at the conclusion of the instant case, to the Party or its counsel who originally provided

said materials to me.

5.      I hereby stipulate to the jurisdiction of the United States District Court for the

Eastern District of California, Fresno Division, with regard to any proceeding to enforce the terms

of the STIPULATED PROTECTIVE ORDER against me.

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct and that this PROMISE OF CONFIDENTIALITY was executed on

the _____ day of _____ in _____.


_____