1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MONICA REYES-AGUILAR, | No. 1:19-cv-00403-NONE-SKO |
| 12           Plaintiffs, | |
| 13      v. | **ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE TO THIS MATTER AND CLOSE THE CASE** |
| 14  WELLS FARGO BANK, N.A. and WELLS FARGO & COMPANY, | |
| 15           Defendants. | (Doc. 29) |
| 16 | |

17
18
19     On October 23, 2020, Defendant Wells Fargo Bank, N.A. filed a stipulation, signed by all
20 parties who have appeared, that this action be dismissed with prejudice pursuant to Rule 41 of the
21 Federal Rules of Civil Procedure. (Doc. 29.)
22     In relevant part, Rule 41(a)(1)(A) provides as follows:
23     [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of
       dismissal before the opposing party serves either an answer or a motion for
24     summary judgment; or (ii) a stipulation of dismissal signed by all parties who have
25     appeared.
26 Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after
27 service of an answer, by filing a written stipulation to dismiss signed by all the parties who have
28 appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782

F.2d 1470, 1472-73 (9th Cir. 1986).

    Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.[1]  *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).  Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii) that is signed by all whom have made an appearance, this case has terminated.  Fed. R. Civ. P. 41(a)(1)(A)(ii).

    Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court SHALL assign a district judge to this matter and thereafter CLOSE the case.

IT IS SO ORDERED.

Dated:   **October 27, 2020**          /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint alleges a claim under the California Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699.  (Doc. 1-1.)  Proposed settlements of PAGA claims are ordinarily subject to court approval.  Cal. Lab. Code § 2699(l)(2); *see also Castro v. Paragon Industries, Inc.,* No. 1:19-cv-00755-DAD-SKO, 2020 WL 1984240, at *5 (E.D. Cal. Apr. 27, 2020).  Plaintiff has stipulated that she has no valid PAGA claim (*see* Doc. 28), and, as such, no Court approval is necessary.